## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| AGRIPROCESSORS, INC., | ) | |
| | ) | |
| Debtor. | ) | Bankruptcy No. 08-2751 |
| ------------------------------------------------------- | | |
| JOSEPH E. SARACHEK, in his capacity as | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | Adversary No. 10-09123 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE RIGHT PLACE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RE: MOTION TO DISMISS COMPLAINT

This matter came before the Court in a telephonic hearing on the Motion to Dismiss of Defendant The Right Place Inc.   Defendant was represented by Christopher C. Fry, Kurt F. Gwynne, and Timothy Reiley.   Trustee was represented by Dan Childers.   The Court requested post-hearing briefing and took the matter under advisement.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

## STATEMENT OF THE CASE

Trustee discovered several payments Debtor made to Defendant within two years of Debtor's petition filing date.   Trustee filed the Complaint to avoid the

respective payments as fraudulent transfers, or alternatively, preferences under the

Bankruptcy Code.   Defendant moves to dismiss Trustee's Complaint for failure to

state a plausible claim.   Defendant argues Trustee failed to state a plausible claim

under the standards of Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009) and

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

After reviewing the record and hearing the parties' arguments, the Court finds

Trustee has failed to plead a plausible case. The Court, however, exercises its

discretion to allow Trustee to amend his pleading instead of dismissing the case.

## PLEADINGS AND FACTUAL ALLEGATIONS

Debtor owned and operated one of the nation's largest kosher meatpacking

and food-processing facilities in Postville, Iowa.   On November 4, 2008, Debtor

filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New

York.   Debtor's bankruptcy petition and accompanying documents recited that its

financial difficulties resulted from a raid conducted by U.S. Immigration and

Customs Enforcement.   A total of 389 workers at the Postville facility were

arrested.   The raid led to numerous federal criminal charges, including a

high-profile case against Debtor's President, Sholom Rubashkin.   Debtor's Petition

also stated it had over 200 creditors and assets and liabilities in excess of

$50,000,000.

The court eventually approved the appointment of Joseph E. Sarachek as the Chapter 11 trustee. The court concluded that appointing a trustee was necessary in part "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management" under § 1104(a)(1). After hearings in a later proceeding, the court transferred the case to this Court on December 15, 2008. This Court eventually converted the case to a Chapter 7 bankruptcy. The U.S. Trustee for this region retained Mr. Sarachek as the Chapter 7 trustee.

Trustee filed approximately 150 adversary proceedings in the bankruptcy case. In numerous hearings and filings with the Court, Trustee has noted the many challenges and difficulties investigating the claims, most resulting from the raid and subsequent proceedings. Key people were incarcerated and/or were unwilling to talk. Documents were difficult to locate and to understand without the availability and cooperation of many key plant employees.

One of the adversaries Trustee filed was the two-count Complaint here. Trustee seeks transfers made by Debtor to Defendant from May 18, 2007 through April 30, 2008. The transfers totaled $256,884.00. Trustee seeks recovery of all the payments as fraudulent conveyances under § 548 (Count I), or alternatively, recovery of some of the payments as preferential transfers to an insider under

3

§ 547(b) (Count II).   With regard to the preference claim in Count II, Trustee

alleged that Defendant was an insider at the time each transfer was made "because

[Defendant] is a related entity of the Debtor."

Defendant moves to dismiss the Complaint.   Under Iqbal and Twombly,

Defendant alleges Trustee failed to state any plausible factual allegations in Count I

that indicate Debtor received less than a reasonably equivalent value for the

payments as required by § 548(a)(1)(B)(i).   Defendant also argues that Trustee

failed to adequately plead Debtor was insolvent during the periods prescribed by

§ 548(a)(1)(B)(ii)(I).

Defendant argues Count II should be dismissed because Trustee failed to

allege a plausible factual basis for his preference claims under § 547(b).   In

particular, Defendant argues that Trustee makes only conclusory statements

insufficient to plead Defendant was an "insider" under § 547(b)(4)(B).   Defendant

also again argues that Trustee makes only conclusory statements insufficient to

establish Debtor's insolvency at the time of the transfers — a prerequisite to recover

under § 547(b)(3).

Trustee resists Defendant's Motion to Dismiss.   Trustee argues that the

claims in both Counts meet the pleading standards of Twombly and Iqbal.   Trustee

also argues Defendant misunderstood the facts and context of the claims made in the

4

Complaint.   Trustee emphasizes his long-term involvement with this case and his understanding of its factual context.   Trustee also points to his unanswered inquiries to the Defendant regarding value it provided in exchange for the alleged transfers.   Trustee essentially argues Defendant had those facts and chose not to share them with Trustee.   Trustee argues these factors should be taken into account when reviewing the Defendant's arguments about deficiencies in the Complaint. Trustee also asks this Court to grant him leave to amend, in the event this Court finds Trustee's claims were not adequately pleaded.   Defendant resists Trustee's request for leave to amend the Complaint.

## CONCLUSIONS OF LAW

### A.   Motion to Dismiss Standard

The Bankruptcy Rules follow the standards of the Federal Rules of Civil Procedure on grounds for dismissal and requirements for pleading.   Bankruptcy Rule 7012 specifically notes: "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings."   Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

In order to determine whether a complaint states a "claim upon which relief can be granted," courts first look to what a party is required to plead.   Twombly, 550 U.S. at 554–55.   Again, Bankruptcy Rule 7008(a) provides: "Rule 8 F.R.Civ.P.

5

applies in adversary proceedings." Under Federal Rule of Civil Procedure 8(a)(2),

a pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." For many years, the settled standard for evaluating

motions to dismiss was provided in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). In

<u>Conley</u>, the Supreme Court stated that a case should be dismissed for failure to state

a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." <u>Id.</u> at 45–46 (citations

omitted).

The standard for ruling on a motion to dismiss under the Federal Rules has

received new attention from the Supreme Court in recent terms. "To survive a

motion to dismiss, a complaint must contain **sufficient factual matter, accepted as**

**true, to 'state a claim to relief that is plausible on its face.'**" <u>Iqbal</u>, 129 S. Ct. at

1949 (quoting <u>Twombly</u>, 550 U.S. at 555) (emphasis added). "Because the

Supreme Court's decisions were based on interpretation of Rule 8, they govern

pleadings 'in all civil actions and proceedings in the United States District Courts.'"

Bensinger, Bill D. *Context is King-* Twombly*, Iqbal and the Art of Pleading in*

*Bankruptcy*, 19 J. Bankr. L. & Prac. 669 (2010) (citing <u>Iqbal</u>, 129 S. Ct. at 1953).

The Supreme Court now applies a two-pronged approach in evaluating a

motion to dismiss. First, the Court identifies "pleadings that, because they are no

6

more than conclusions, are not entitled to the assumption of truth." Iqbal. 129 S. Ct. at 1950.   Second, to the extent that the complaint contains factual allegations, the Court assumes the truth of those facts and determines whether they plausibly give rise to an entitlement to relief. Id.

By establishing this plausibility standard, the Supreme Court sought to reduce the potential for discovery abuse that could follow an insufficient pleading. Twombly, 550 U.S. at 559.   The Court was concerned in part that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." Id.   The Court emphasized that Rule 8 notice pleading does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950.   The Court thus rejected the "careful case management" argument that an insufficient pleading would simply be weeded out early in the discovery process. Iqbal, 129 S. Ct. at 1953. Nevertheless, the Court noted that "[d]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 129 S. Ct. at 1940 (citing Twombly, 550 U.S. at 556).

### B. Pleading Standards Where Bankruptcy Trustee is the Plaintiff

In cases decided both before and after <u>Iqbal</u> and <u>Twombly</u>, courts have given more leeway in pleading where the bankruptcy trustee is the plaintiff.   "For claims brought by a bankruptcy trustee, courts take a more liberal view when examining allegations of actual fraud . . . in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge."   <u>In re Dreier LLP</u>, No. 09-15051(SMB), 2011 WL 2412581, at *10 (Bankr. S.D.N.Y. June 16, 2011) (citations omitted), <u>but see</u> <u>In re NE 40 Partners, Ltd. P'ship</u>, 440 B.R. 124, 128 (Bankr. N.D. Tex. 2010) (noting that the Fifth Circuit does not give bankruptcy trustees such leeway in alleging actual fraud).   "In a bankruptcy case where the trustee or a third party outsider to the fraudulent transaction is pleading the fraud on secondhand knowledge for the benefit of the estate and all of its creditors, greater liberality is generally afforded in the pleading of fraud than in a civil suit."   <u>In re Ahead by a Length, Inc.</u>, 100 B.R. 157, 166 (Bankr. S.D.N.Y. 1989) (citations omitted).   Courts have allowed a trustee to allege fraud based on information and belief if the facts are "peculiarly within the opposing party's knowledge."   <u>In re Dreier</u> at *11 (citing <u>Schlick v. Penn-Dixie Cement Corp.</u>, 507 F.2d 374, 379 (2d Cir. 1974) (quotations omitted).

In the above cases, the court analyzed actual fraudulent transfer pleadings under the heightened standards of Rule 9.   While this is not an actual fraud case that falls under Rule 9, the principles in those cases do have some application here. Iqbal and Twombly require more factual detail in Rule 8 notice pleading; thus, the trustee now must plead in greater detail while still, in many cases, being forced to rely on secondhand information.   As a result, when considering the Motion to Dismiss, Trustee's status is a necessary part of the context in which this Court evaluates the facial plausibility of the Complaint.

### C. Factual Allegations Required to Establish Pleaded Claims

In order to determine whether the Complaint satisfies the Twombly and Iqbal requirements, this Court must evaluate whether the factual assertions in Trustee's Complaint "plausibly" establish an entitlement to relief.   To do so, the Court must first identify the legal standards Trustee must meet in alleging facts to support a plausible claim, while giving due consideration to context.

### 1.    Fraudulent Conveyances

Count I of Trustee's Complaint seeks to recover fraudulent transfers under § 548(a)(1), which provides:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of

9

an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i) **received less than a reasonably equivalent value** in exchange for such transfer or obligation; and

(ii)(I) **was insolvent on the date that such transfer was made** or such obligation was incurred, or became insolvent as a result of such transfer or obligation; . . .

11 U.S.C. § 548(a)(1) (emphasis added).

Section 548(a) of the Bankruptcy Code allows a trustee to avoid transfers that are incurred by either actual fraud (§ 548(a)(1)(A)) or constructive fraud (§ 548(a)(1)(B)).   Under § 548(a)(1)(A), a trustee may avoid any transfer made within two years before the petition filing date if the debtor made the transfer with "actual intent to hinder, delay, or defraud" the creditor.   Under § 548(a)(1)(B), a trustee may avoid any transfer made within two years before the petition filing date if debtor received "less than a reasonably equivalent value in exchange for the transfer," and debtor was, or became, insolvent at the time of the transfer.   Trustee alleges only constructive fraud, asserting Debtor's payments "were in exchange for

less than a reasonably equivalent value" and at the time of the transfers debtor was

insolvent under § 548(a)(1)(B)(ii)(I).   Complaint at ¶ 9 and ¶ 10.

When a plaintiff alleges actual fraud, Fed. R. Civ. P. 9(b) requires that

plaintiff "must state with particularity the circumstances constituting fraud or

mistake.   Malice, intent, knowledge, and other conditions of a person's mind may

be alleged generally."   Most courts conclude, however, that Rule 9(b) is

inapplicable to pleading constructively fraudulent transfers under § 548(a)(1)(B)

because intent or deceit is not an element of constructive fraud.   See, e.g., Picard v.

Cohmad Securities Corp. (In re Bernard L. Madoff Inv. Secs. LLC), No. 09-1305,

2011 WL 3274077, at *10 (Bankr. S.D.N.Y. Aug. 1, 2011) (finding "courts

consistently hold that claims of constructive fraud do not need to meet the

heightened pleading requirements of Fed.R.Civ.P. 9(b)") (citation omitted); SB

Liquidation Trust v. Preferred Bank (In re Syntax-Brillian Corp.), No. 10-51389,

2011 WL 3101809, at * 7 (Bankr. D. Del. July 25, 2011) ("Constructive fraudulent

transfer claims are specifically governed by Federal Rule of Civil Procedure 8 rather

than by the heightened Rule 9(b) pleading standard"); In re Anderson, No.

10-50757, 2010 WL 4959948, at *4 (Bankr. E.D. Tenn. Dec. 1, 2010) (citing Gold v.

Winget (In re NM Holdings Co.), 407 B.R. 232, 259 (Bankr. E.D. Mich. 2009))

("When 'fraud' is alleged solely because a debtor transferred property while it was

11

insolvent, the transferee is not accused of an act of fraud or deception . . . .") (citation omitted); State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.), 371 B.R. 281, 295 (Bankr. S.D. Ohio 2007) (indicating the more stringent requirements of Rule 9(b) do not apply); Astro Liquidating Trust v. Xantrex Tech., Inc., 335 B.R. 309, 333 (Bankr. D. Del. 2005) (finding Rule 8(a)(2)'s notice pleading standard governs claims for constructively fraudulent transfers, not Rule 9(b)'s heightened pleading standard)).   Accordingly, this Court reviews the constructively fraudulent transfers under Rule 8(a) and the standards for minimum pleading in Iqbal and Twombly.   In re Caremerica, Inc., 409 B.R. 737, 755 (Bankr. E.D.N.C. July 28, 2009).

Under Iqbal and Twombly, Trustee's claim for constructively fraudulent transfers must allege sufficient facts that plausibly show: (i) a transfer within the applicable time period, (ii) a lack of reasonably equivalent value (or fair consideration), and (iii) debtor's insolvency during the relevant time period.   In re Charys Holding Co., 443 B.R. 628, 636 (Bankr. D. Del. 2010).   A mere recitation of the three legal elements is inadequate to establish a plausible factual basis. Caremerica, 409 B.R. at 745.   Defendant here claims Trustee failed to sufficiently plead all three elements.

### a.      Element One — Transfer Made Within Two-Year Period

The first element Trustee must sufficiently plead is the debtor made a transfer

to defendant within two years before the petition filing date.   11 U.S.C.

§ 548(a)(1)(B).   To adequately plead this element Trustee needs to recite sufficient

factual information, including the date of the transfer, the amount of the transfer, the

name of the transferor, and the name of the transferee.   Charys, 443 B.R. at 636

(finding the complaint adequate because it listed transaction dates and amounts

between the debtor and transferee that took place within the two years preceding the

petition date).

### b.      Element Two — Reasonably Equivalent Value

On the second element of his constructive fraud case, a trustee must allege

facts that plausibly show the debtor received "less than a reasonably equivalent

value in exchange for such transfer[s]."   11 U.S.C. § 548(a)(1)(B)(i).   The term

"reasonably equivalent value" is not defined in the Bankruptcy Code.   Accordingly,

"reasonably equivalent value is a fact intensive determination that typically requires

testing through the discovery process."   Charys, 443 B.R. at 638.   A complaint,

however, must do more than just summarily state there was "less than a reasonably

equivalent value in exchange."   See id.   The trustee must describe the

consideration and why the value of such consideration was less than the amount

transferred.  Caremerica, 409 B.R. at 756.

Where, as here, the allegation is that there was no consideration, courts are

split on whether a simple recitation of that allegation is sufficient.  Compare In re

Image Masters, Inc., 421 B.R. 164, 179 (Bankr. E.D. Pa. 2009) (finding the

complaint to contain only a "bald legal conclusion" when stating, "[Defendant]

received no value whatsoever in exchange for the Transfers alleged in this case —

let alone reasonably equivalent value . . . .") with In re Innovative Commc'n Corp.,

No. 09-3007, 2010 WL 3069489, at *3 n.4 (Bankr. D.V.I. June 18, 2010) (finding

plaintiff's complaint adequate when it stated, "The Defendant did not provide any

consideration to [Plaintiff] in exchange for the Transfers.") (emphasis added).

### c.   Element Three — Insolvency

To satisfy the third element of a constructively fraudulent transfer, a trustee

must allege facts that plausibly show that at the time of the transfers, Debtor was

insolvent.  11 U.S.C. § 548(a)(1)(B)(ii)(I).  The Bankruptcy Code specifically

defines insolvency.  As it pertains to an "entity other than a partnership and a

municipality," that entity is insolvent when "the sum of such entity's debts is greater

than all of such entity's property, at a fair valuation, exclusive of— (i) property

transferred, concealed, or removed with intent to hinder, delay, or defraud such

14

entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title."   11 U.S.C. § 101(32)(A).

Again, a trustee's complaint cannot merely make a conclusory statement that a debtor was insolvent.   In re Gluth Bros. Const., Inc., 424 B.R. 368 (Bankr. N.D. Ill. 2009).   A complaint must contain enough factual information to plausibly show the debtor's liabilities exceeded assets at the time of the transfers.   In re Saba Enters., Inc., 421 B.R. 626, 646 (Bankr. S.D.N.Y. 2009); Anderson 2010 WL 4959948, at *3 (citing Joseph v. Frank (In re Troll Commc'ns, LLC), 385 B.R. 110, 123–24 (Bankr. D. Del. 2008) (finding insolvency adequately pleaded where the complaint alleged facts showing that debtor's liabilities exceeded their assets as of the date of the transfer)); See also Charys, 443 B.R. at 636 (providing balance sheet information that did not reflect insolvency, but further alleged that the intangible goodwill entry was rendered valueless by independent contractors and that the tangible net assets were overvalued at the time of the transfers).

## 2.    Preferential Transfers

Count II of Trustee's Complaint alleges that to the extent the payments occurred within one year of the date of filing, they were preferential transfers to an "insider" under § 547(b).   The elements of a preferential transfer are:

> (1) debtor transferred an interest of the debtor in property,
> (2) to or for the benefit of a creditor, (3) for or on the

account of an antecedent debt, (4) made while the debtor
was **insolvent**, (5) made within 90 days, or **within one
year if the creditor was an insider**, (6) that enabled the
creditor to receive more than it would under Chapter 7.

11 U.S.C. § 547(b) (emphasis added); <u>Sarachek v. Chitrik</u>, No. 10-09058 slip op. at

3–4 (Bankr. N.D. Iowa July 22, 2011); <u>Caremerica</u>, 2009 WL 2253225, at *2–5; <u>In

re AmerLink, Ltd.</u>, No. 09–01055–8–JRL, 2011 WL 864953, at *2 (Bankr.

E.D.N.C. Mar. 11, 2011).   Defendant argues that Trustee failed to allege sufficient

plausible facts to show Debtor was insolvent or Defendant was an insider.

### a. Insolvency at the Time of the Alleged Preferential Transfers

The Bankruptcy Code presumes a debtor was insolvent at the time it allegedly

made preferential transfers within the 90-day prepetition window.   11 U.S.C.

§ 547(f).   However, the Bankruptcy Code does not provide an insolvency

presumption for alleged preferential transfers to insiders — those occurring between

90 days and one year before filing.   <u>See</u> <u>generally</u> 11 U.S.C. § 547.   The trustee

must therefore plead facts to support a plausible claim that the debtor was insolvent

when the transfer was allegedly made to the insider.   <u>Caremerica</u>, 409 B.R. at 752.

The trustee bears the burden of proving the debtor was insolvent at the time of the

alleged preferential transfers.   11 U.S.C. § 547(g).   Again, to raise a plausible basis

for the claim, Trustee must allege more than simply the legal element that Debtor

16

was insolvent at the relevant time.    Trustee must provide the factual basis for the

allegation described above.

### b.  Transfers to an Insider

The Trustee may avoid an interest of the debtor in property "between ninety

days and one year before the date of the filing of the petition, if such creditor at the

time of such transfer was an **insider**."    11 U.S.C. § 547(b)(4)(B) (emphasis added).

The term "insider" is defined in § 101(31).    When the debtor is a corporation, an

"insider" includes:

> (i)    director of the debtor;
> (ii)    officer of the debtor;
> (iii)    person in control of the debtor;
> (iv)    partnership in which the debtor is a general partner;
> (v)    general partner of the debtor; or
> (vi)    relative of a general partner, director, officer, or person in control of the debtor. [1]

11 U.S.C. § 101(31)(B).    The definition is not limiting because Congress used the

word "includes."    In re Enter. Acquisition Partners, Inc., 319 B.R. 626, 631 (B.A.P.

9th Cir. 2004).    Thus, in addition to those insiders listed in the statutory definition

—known as per se insiders— there are also "insiders" that have a "sufficiently close

---

[1]  "The term 'relative' means individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree."    11 U.S.C. § 101(45).

relationship with the debtor that . . . conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." Id. (citation omitted).

To satisfy the definition of per se insider or other insiders, the trustee must provide enough factual details in the complaint to show that the alleged relationship is plausibly that of an "insider." AmerLink, 2011 WL 864953, at *2 (finding the complaint adequate because it stated that "the companies are owned and/or controlled by Spoor, who is an insider of the debtor himself, as he chaired the Board of Directors of the debtor."); Caremerica, 409 B.R. at 752–53; Angell v. Day (In re Caremerica, Inc.), 415 B.R. 200, 205 (Bankr. E.D.N.C. 2009).   Again, a complaint's allegation that the defendants "are insiders as the term is defined in §101(31) and used in §547(b)" is conclusory and insufficient without supporting facts.   Caremerica, 415 B.R. at 205.

### D.   Leave to Amend

Trustee has requested leave to amend his Complaint if the Court finds the Complaint deficient.   Under Bankruptcy Rule 7015, amendments should be freely allowed when justice so requires.   Fed. R. Bankr. P. 7015(a)(2); see also Olsen v. Paulsen (In re Paulsen), No. 08-30044, 2008 WL 4442520 at *2 (Bankr. N.D. Iowa 2008).   Courts should liberally grant leave to amend a pleading unless a compelling

18

reason, such as prejudice to an opposing party, exists.   See Forman v. Davis, 371

U.S. 178, 182 (1962).

The decision on a request to amend is left to the discretion of the trial court.

Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999).

"A court abuses its discretion when it denies a motion to amend a complaint unless

there exists undue delay, bad faith, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the non-moving party, or

futility of amendment."   Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497

(8th Cir. 2008).   Courts "generally prefer to decide claims on their merits instead of

on their pleadings."   Wisdom, 167 F.3d at 409 (citations omitted).   "[P]arties

should usually be given at least one chance to amend their complaint."   Id. (citation

omitted).

Federal Rule of Civil Procedure 15(c), applicable in bankruptcy adversary

proceedings under Fed. R. Bankr. P. 7015, allows relation back of a claim or defense

asserted in an amended pleading if the claim or defense "arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original

pleading." Fed. R. Civ. P. 15(c).   "Rule 15(c) is based on the concept that a party

who is notified of litigation concerning a given transaction or occurrence has been

given all the notice that statutes of limitation are intended to afford."   Plubell v.

Merck & Co., Inc., 434 F.3d 1070, 1072 (8th Cir. 2006).   "The determination of

whether an amended pleading should be allowed and whether it relates back to the

date of the original pleading are matters within the sound discretion of the trial

court."   Shea v. Esensten, 208 F.3d 712, 720 (8th Cir. 2000) (citing Zenith Radio

Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)).

## ANALYSIS

### A.    Count I:   Fraudulent Transfers

Defendant argues Trustee's Complaint fails to plead all three elements of a

constructively fraudulent transfer claim under § 548(a)(1)(B).   The Court holds

that, with respect to the third element, Trustee has failed to allege sufficient facts to

support a plausible claim that Debtor was insolvent at the time of the alleged

transfers.

In Exhibit A attached to the Complaint, Trustee attempted to satisfy the first

element by providing wire transfer dates and amounts.   The Complaint alleges that

all transactions were made by Debtor to Defendant.   Thus, Trustee has alleged

sufficient facts to plausibly show that transfers were made within the two years prior

to the petition filing date.   Charys, 443 B.R. at 636.

On the second element, Trustee alleged in his Complaint that "Trustee is not

aware of any value provided to the Debtor from the Defendant in exchange for the

payments, and therefore, the Trustee reasonably concludes that the transfers were in

exchange for less than a reasonably equivalent value."   Complaint at ¶ 9.   This

Court agrees with other courts which have concluded that a trustee's allegation that

debtor received nothing in exchange for the alleged transfers is sufficient factual

support for this element.   See Anderson, 2010 WL 4959948, at *3; see also In re

Life Fund 5.1 LLC, 2010 WL 2650024, at *6 (Bankr. N.D. Ill. June 30, 2010)

("Because the complaint alleges no value, it necessarily alleges the absence of

reasonably equivalent value.").   The Court draws an inference that Trustee cannot

find any money or other consideration that the Debtor received in exchange for

making the alleged transfers.   In other words, when Trustee alleges Debtor received

nothing from the defendant in exchange for an alleged fraudulent transfer, it is

entirely plausible that Debtor received less than reasonably equivalent value in

exchange for that alleged transfer.   Anderson, 2010 WL 4959948, at *3.   Trustee's

factual allegation of no value is sufficient to support a plausible claim that Debtor

received "less than reasonably equivalent value" in exchange for the alleged

fraudulent transfers.   As such, this allegation meets the minimum pleading

requirements of Iqbal and Twombly.

On the third element, the Complaint alleges: "Debtor was insolvent at all

times during the two-year period before the Petition Date."   This allegation is a

mere recitation of the statutory element and insufficient under the law.   Trustee

"simply alleges insolvency, without any factual support for this conclusion that

would demonstrate plausibility."   <u>Anderson</u>, 2010 WL 4959948, at *3.   In

<u>Anderson</u>, the court went on to cite the definition of insolvency in § 102(32)(A) and

compare it with a case finding that insolvency had been adequately pleaded where

the complaint "alleged facts showing that debtors' liabilities exceeded their assets as

of the date of the transfer."   <u>Id.</u> (citing <u>In re Troll Commc'ns</u>, 385 B.R. at 123–24).

The absence of plausible facts to support insolvency at the relevant time fails the

standards of <u>Iqbal</u> and <u>Twombly</u>.

## B.   Count II:   Preferential Transfers

As with Trustee's allegation of fraudulent transfers, Trustee failed to

sufficiently plead that the alleged preferential transfers "were made while the debtor

was insolvent."   11 U.S.C. § 547(b)(3).   The insolvency presumption does not

apply outside of the 90-day prepetition window.   <u>See generally</u> 11 U.S.C. § 547.

As noted on Count I, Trustee has failed to plead facts that plausibly show that Debtor

was insolvent at the time Debtor allegedly made the preferential transfers.

The Trustee pleads Defendant is an "insider" and that the transactions that

occurred between 90 days and one year before filing could be avoided.   11 U.S.C.

§ 547(b).   In the Complaint, Trustee stated only that Defendant is "an insider

because it is a related entity of the Debtor." <u>Complaint</u> ¶ 14.   This statement is
conclusory and insufficient without supporting facts.   <u>In re Caremerica</u>, 409 B.R. at
756; <u>In re NetBank, Inc.</u>, 424 B.R. 568, 571–72 (Bankr. M.D. Fla. 2010).   Trustee
must plead facts that support a plausible claim that Defendant either is a statutory
insider as defined in § 101(31)(B), or that Defendant is a non-statutory insider. <u>See</u>
<u>Amerlink</u>, 2011 WL 864953, at *4 ("This court has found it sufficient to allege that
transferees were insiders as a result of their control of the debtor or status as
'managing agents' of the debtor.") (citing <u>Caremerica</u>, 409 B.R. at 753).   To
adequately plead that a party is a non-statutory insider, "[i]t is not necessary that a
non-statutory insider have actual control; rather, the question 'is whether there is a
close relationship [between the debtor and creditor] and . . . anything other than
closeness to suggest that any transactions were not conducted at arm's length.'"   <u>In</u>
<u>re KCMVNO, Inc.</u>, No. 10–50730 (BLS), 2010 WL 4064832, at *4 (Bankr. D. Del.
Oct. 15, 2010) (quoting <u>Schubert v. Lucent Techs.</u> (<u>In re Winstar Comm'ns., Inc.</u>),
554 F.3d 382, 396–97 (3d Cir. 2009)).   Trustee failed to plead such facts.   Even
applying a deferential standard to bankruptcy trustee pleading, and reviewing this
Complaint in context of the difficult environment Trustee has faced, the Court
concludes Trustee thus failed to adequately plead both constructive fraud under
§ 548 and preferential transfers under § 547(b).

23

## C.     Leave to Amend

Trustee has asked the Court to exercise its discretion and grant Trustee's request to amend the Complaint.   The Court concludes the Trustee should be allowed to amend.   Defendant will not be unfairly prejudiced, Trustee has acted in good faith in filing the original Complaint, and it does not appear that Trustee's request to amend the Complaint would be futile.   The Court thus finds no compelling reason to deny Trustee's request to amend.   Instead, the Court follows well-established precedent noting: "Parties should usually be given at least one chance to amend their complaint."   Wisdom, 167 F.3d at 409.

Defendant argues that amendment should be denied where Trustee failed to attach an amended pleading or specifically explain what amendments would be made.   In support of that assertion, Defendant cites two cases affirming the district court's decision finding no abuse of discretion.   Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1236 (8th Cir. 2010); Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d 772,782 (8th Cir. 2009).   These cases do not, however, establish a hard and fast rule requiring denial of amendment.   The Eighth Circuit has, to the contrary, held that a plaintiff's failure to file a formal motion with proper attachments describing the amendment to be made "is not necessarily fatal as long as

24

they show a willingness to amend the complaint." <u>Wisdom</u>, 167 F.3d at 409 (cited case omitted).   Plaintiff has shown sufficient willingness to amend here.

For these reasons, the Trustee is given leave to amend his Complaint.

**WHEREFORE**, Defendant's Motion to Dismiss Complaint to Avoid Fraudulent Conveyances and Preferential Transfers is DENIED.

**FURTHER,** this Court grants Trustee's request to amend his claims against the Defendant according to the pleading standards adopted by the Court in this order.

**FURTHER,** Trustee shall have 30 days from the date of this order in which to file an amended complaint.   Once Trustee has filed his amended complaint, the Defendant will have 21 days in which to answer.

Dated and Entered: September 30, 2011

_____
Thad J. Collins
U.S. Chief Bankruptcy Judge